COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


ANTHONY JOSEPH CROSEN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0948-10-1            CHIEF JUDGE WALTER S. FELTON, JR.
                                                    OCTOBER 11, 2011

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                                    Louis R. Lerner, Judge

              John E. Robins, Jr. (Office of the Public Defender, on brief), for
              appellant.

              Craig W. Stallard, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


       Anthony Joseph Crosen ("appellant") was convicted by the Circuit Court of the City of

Hampton ("trial court") for cultivating marijuana, in violation of Code § 18.2-248.1, and conspiracy

to distribute marijuana, also in violation of Code § 18.2-248.1. The trial court denied appellant's

motion to suppress evidence of marijuana found during a search of appellant's residence and his

subsequent incriminating statements. Appellant entered conditional guilty pleas. On appeal,

appellant asserts that the trial court erred in denying his motion to suppress. For the following

reasons, we affirm the judgment of the trial court.

                                                  A.

       When reviewing the denial of a suppression motion, we review the evidence "in the light

most favorable to the Commonwealth, giving it the benefit of any reasonable inferences." Kyer

v. Commonwealth, 45 Va. App. 473, 477, 612 S.E.2d 213, 215 (2005) (en banc) (citation

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

omitted). As the parties are fully conversant with the record in this case, we recite only those facts and incidents of the proceedings as are necessary to the disposition of this appeal.

Around 4:45 p.m. on May 11, 2009, Hampton police received a specific complaint "that somebody was growing marijuana, who was potentially getting ready to harvest it that day" at a specific residence in the City of Hampton. Hampton Police Detective Barrett and Sergeant Toupin, dressed in civilian clothing, went to that residence in an effort to "knock and talk" with the residents. The officers walked up the driveway and across a walkway to the front door of the residence. There were no barriers blocking the driveway or walkway, and no signs were posted restricting the officers' use or access to the front porch.

After knocking on the front door and receiving no response, the officers requested the assistance of a K-9 officer and his drug dog. Following the same route to the front door used by the previous officers, the dog gave a positive alert to the odor of narcotics at that door.

As the officers were preparing to leave to obtain a search warrant, appellant walked from across the street. He encountered the officers in the driveway. The officers verified appellant's identification and confirmed that he resided at the property. The officers informed appellant that they had received an anonymous tip someone was growing marijuana and was getting ready to harvest it at that address. The officers requested and were given consent by appellant to search his residence. The officers accessed the second floor attic and found marijuana plants growing there. Appellant was arrested, and later admitted ownership of the marijuana plants. He told the officers that he and another individual had agreed to distribute the marijuana after it was harvested.

B.

On appeal, appellant contends that the trial court erred in denying his motion to suppress the marijuana plants, as well as the subsequent incriminating statements he made to the police.

- 2 -

Appellant also contends the officers did not have permission to enter the curtilage of his residence. We disagree.

The officers had implied consent to use the driveway and walkway leading to appellant's house. There were no barriers blocking the driveway or walkway, and no signs were posted restricting the officers' use or access to the front porch. Appellant testified at the suppression hearing that mail carriers could use the driveway for deliveries. See Robinson v. Commonwealth, 273 Va. 26, 34, 639 S.E.2d 217, 222 (2007) ("[A] resident of a dwelling impliedly consents to a police officer entering the curtilage to contact the dwelling's residents. . . . Implied consent can be negated by obvious indicia of restricted access . . . .").

"As a general rule, 'a search authorized by consent is wholly valid.'" Kyer, 45 Va. App. at 483, 612 S.E.2d at 218 (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973)). Consent loses its validity only if it is involuntary, Ohio v. Robinette, 519 U.S. 33, 40 (1996), or the product of a manipulative "exploitation" by the police of an earlier unconstitutional search or seizure, Warlick v. Commonwealth, 215 Va. 263, 266, 208 S.E.2d 746, 748 (1974).

Appellant himself testified at the suppression hearing that he "wasn't threatened at all." He also testified the officers explained the reason for their visit, prior to giving his permission to search. Nothing in the record on appeal demonstrates that the officers misled appellant, attempted to intimidate him, or coerced him to gain his consent to search the residence. After hearing appellant's testimony at the suppression hearing, the trial court found that "by his own admission" appellant was not intimidated and gave valid consent for the officers to search his residence.[1]

---

[1] While the officers were talking with appellant, his wife arrived in her car and parked in the driveway. Detective Barrett advised her why they were present. She thereafter gave her consent for the officers to search the residence. Cf. Glenn v. Commonwealth, 275 Va. 123, 136, 654 S.E.2d 910, 917 (2008) ("[C]onsent [to the search of a marital residence] was ineffective if the other co-occupant was indeed present and objected. . . . [I]f the search is otherwise objectively

Accordingly, we hold that the trial court did not err in denying appellant's motion to suppress.

Affirmed.

---

reasonable, a potential objector who raises no objection to the search when he has the opportunity to do so 'loses out.'" (quoting Georgia v. Randolph, 547 U.S. 103, 121 (2006))). The record on appeal does not reflect that wife lacked authority to consent to the search of the residence. Nor does the record reflect that wife's consent was tainted or that appellant objected to her consent.